Evan D. Schwab (NV Bar No. 10984)
Email: evan@schwablawnv.com
**SCHWAB LAW FIRM PLLC**
7455 Arroyo Crossing Parkway, Suite 220
Las Vegas, Nevada 89113
T: 702-761-6438
F: 702-921-6443

*Attorneys for Plaintiff Kenneth "Kacy" Combs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH "KACY" COMBS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DANCE ONE HOLDINGS, LLC, a Delaware Limited Liability Company; DAN GALPERN, an individual; GARY PATE, an individual; DOES I through X and ROE CORPORATIONS I through X, inclusive, <br><br> Defendant. | Case No. <br><br> Jury Trial: Yes |

### COMPLAINT

Plaintiffs KENNETH "KACY" COMBS ("Plaintiff"), by and through his attorneys of record, Evan D. Schwab, Esq. of Schwab Law Firm PLLC ("SLF") hereby files their Complaint against Defendant(s) and alleges as follows:

### The Parties and Jurisdiction

1. Plaintiff KENNETH "KACY" COMBS ("Plaintiff") is and was at all relevant times mentioned herein an individual residing in the State of Nevada and County of Clark and conducting business in the State of Nevada and County of Clark.

2. Defendant DANCE ONE HOLDINGS, LLC ("DanceOne") is and was at all times relevant mentioned herein a Delaware Limited Liability Company ("LLC") conducting business in the State of Nevada and the United States.

3. Defendant DAN GALPERN ("Defendant Galpern") is and was at all times relevant mentioned herein a resident of New York and the CEO of Defendant DanceOne since on or about January 2025.

4. Defendant Gary PATE ("Defendant Pate") is and was at all times relevant mentioned herein a resident of Florida and an officer/employee of Defendant DanceOne.

5. The term Plaintiffs can be a reference to a particular Plaintiff in the singular form, one or more of the Plaintiffs or all of the Plaintiffs.

6. The term Defendants can be a reference to a particular Defendant in the singular form, one or more Defendants or all Defendants.

7. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants, Does I through Does X, and Roe Corporation I through Roe Corporations X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the said Defendants designated herein as Doe and Roe Corporation are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint, to insert the true names and capacities of Does I through Doe X and Roe Corporations I through Roe Corporations X, when the same have been ascertained and to join such Defendants in this action.

8. Jurisdiction and venue in the Nevada Federal District Court is proper for the following reasons. Pursuant to 28 U.S.C. § 1332, there is diversity of citizenship between the Plaintiff(s) and Defendant(s) in this case.

Specifically, Plaintiff is a residents of the State of Nevada and Defendant(s) are residents of Delaware, Florida, New York and other jurisdictions. Venue is proper in the Federal Court District of Nevada as the events or occurrences largely took place in the State of Nevada and County of Clark.[1] Clark County, Nevada is a location where the Nevada Federal District Court has a courthouse.

9. Defendant(s) hold at least five events in Nevada and Clark County, Nevada annually to substantial and/or significant profit.

10. The amount in controversy is in excess of seventy-five thousand dollars ($75,000).

**Statement of Facts**

11. Plaintiff has been in the dance industry for over 30 years and served as a National Director of the Revolution Talent Competition ("Revolution") brand of DanceOne up and until on or about June 2024 when Plaintiff and DanceOne parted ways. During Plaintiff's career, Plaintiff has worked extensively with studios, venues and other personnel in the dance industry and has built a personal brand, professional reputation or otherwise synonymous with dance and high quality competitions. Plaintiff built the Revolution arm of DanceOne from scratch to a company worth around $18 million per year or more.

12. Plaintiff went on to found and operate Driven Talent Competition which operated its inaugural season from on or about February 2025 to May 2025.

13. From Plaintiff's separation with DanceOne until up and until at least April 2025, Defendant(s) continued to heavily and substantially feature Plaintiff's name and likeness on Defendant(s) website to promote

---

[1] 28 U.S.C. § 1391.

DanceOne. During this same period of time, Defendant(s) continued to produce and utilize event videos at their competitions where Plaintiff was heavily and substantially featured with such promotional videos being utilized until at least July 2025. Defendant(s) left Plaintiff's name on their website until at least April 2025 claiming Plaintiff as a DanceOne National Director and submitted a public slideshow at a competition on or about April 2025 depicting Plaintiff as a National Director for DanceOne. Likewise, Defendant(s) have utilized the name, image and likeness of Plaintiff in pop up signage and printed materials at DanceOne events well into at least June of 2025.

14. During 2025, Defendant(s) have made a series of statements to dance studios, individuals, and upon information and belief industry vendors and other persons and/or entities in Plaintiff's industry. These statements included unsolicited, inaccurate and misleading comments about pending litigation between Plaintiff, Driven Talent Competition and Defendant(s) that misrepresented material facts as well as statements implying, asserting and accusing Plaintiff of certain unethical, illegal, unprofessional or otherwise untoward business practices, dishonesty, criminal acts and the like. Defendant(s) actively sought to discuss these issues with third-parties and make the offending statements. All the while Defendant(s) were using the name, image and likeness of Plaintiff and implying a positive association in other regards with Plaintiff to drive marketing, events and the like for DanceOne.

15. Defendant(s) filed a lawsuit against Plaintiff in Maryland Federal District Court for the sole purpose of hurting, crippling and otherwise damaging Plaintiff and/or his business/professional endeavors.

[Remainder of Space Intentionally Left Blank]

**First Cause of Action**

**(Violation of Statute – Name Image and Likeness)**

16. Plaintiff repeats and re-alleges each and every of the allegations contained in Paragraphs 1 through 15 of the Complaint as though fully set forth herein and further allege the following.

17. Under including but not limited to Nevada Revised Statutes ("NRS") 597.790, there is a right of publicity in the name, voice, signature, photograph or likeness of every person, with such right enduring for at least the lifetime of the person.

18. Plaintiff is of the class of persons whom NRS 597.790 and other authorities with regard to name, image, likeness and/or right of publicity and the like is intended to protect.

19. As set forth above, Defendant(s) actively used the name, image, likeness and publicity of Plaintiff for commercial purposes following Plaintiff parting company with Defendant(s) professionally and did so without the permission, authorization and the like of Plaintiff.

20. Plaintiff suffered damages in an amount in excess of $75,000 that were proximately, legally and actually caused by the conduct of Defendant(s).

21. Plaintiff has been required to retain the services of any attorney to prosecute this action and is entitled to a reasonable award of attorney's fees and costs.

**Second Cause of Action**

**(Business Disparagement)**

22. Plaintiff repeats and re-allege each and every of the allegations contained in Paragraphs 1 through 21 of the Complaint as though fully set forth herein and further allege the following.

23. Defendant(s) made a series of false and injurious statements (e.g. injurious falsehoods) about Plaintiff to third-parties.
24. These injurious falsehoods interfered with Plaintiff's business and were aimed at the business's goods or services.
25. These injurious falsehoods were conveyed by unprivileged publication by Defendant(s) with malice.
26. Plaintiff suffered actual and/or special damages in an amount in excess of $75,000 that were proximately, legally and actually caused by the conduct of Defendant(s).
27. Plaintiff has been required to retain the services of any attorney to prosecute this action and is entitled to a reasonable award of attorney's fees and costs.

### Third Cause of Action

### (Abuse of Process)

28. Plaintiff repeats and re-allege each and every of the allegations contained in Paragraphs 1 through 27 of the Complaint as though fully set forth herein and further allege the following.
29. Defendant(s) instituted a legal action against Plaintiff (a Nevada resident) and/or Plaintiff's business in the Maryland Federal District Court for a purpose other than resolving a dispute. In example, the Maryland lawsuit was filed solely for the purpose of harming/crippling Plaintiff's business and the elimination of a business competitor.
30. Defendant(s) engaged in willful act(s) in the use of the legal process not proper in the regular conduct of proceedings.
31. Plaintiff suffered actual and/or special damages in an amount in excess of $75,000 that were proximately, legally and actually caused by the conduct of Defendant(s).

32. Plaintiff has been required to retain the services of any attorney to prosecute this action and is entitled to a reasonable award of attorney's fees and costs.

### Fourth Cause of Action

### (Constructive Trust)

33. Plaintiffs repeat and re-allege each and every of the allegations contained in Paragraphs 1 through 32 of the Complaint as though fully set forth herein and further allege the following.

34. There existed a confidential relationship between Plaintiff and Defendant(s).

35. A retention of legal title or the use of name, image, likeness or publicity by Defendant(s) of Plaintiff would be inequitable under the circumstances.

36. The existence of trust is essential to the effectuation of justice. Defendant(s) should be ordered to disgorge any profits, financial gains, or other economic benefit gained by the use of the name, image, likeness and/or publicity of Plaintiff.

37. Plaintiff suffered actual and/or special damages in an amount in excess of $75,000 that were proximately, legally and actually caused by the conduct of Defendant(s).

### Fifth Cause of Action

### (Interference with Contractual Relations)

38. Plaintiffs repeat and re-allege each and every of the allegations contained in Paragraphs 1 through 37 of the Complaint as though fully set forth herein and further allege the following.

39. There were valid and existing contracts between Plaintiff and third-parties in Nevada, Clark County and the United States. Plaintiff is in the business of directing, promoting and operating high end dance events/competitions.

- 7 -

40. Defendant(s) had knowledge of these contracts or had reason to know of their existence.
41. Defendant committed intentional acts intended or designed to disrupt the contractual relationship or cause the contracting party to breach the contract. In example, upon information and belief, Defendant(s) have unsolicited contacted third-parties to discuss Plaintiff and/or Plaintiff's business with the express purpose of causing harm to the same.
42. The conduct of Defendant(s) resulted in an actual disruption of contracts. In example, upon information and belief Plaintiff has lost customers and other business contacts due and owing to the conduct of Defendant(s)
43. Plaintiff has been damaged by the proximate, actual and legal cause of the conduct of Defendant(s).
44. Plaintiff has been required to retain the services of any attorney to prosecute this action and is entitled to a reasonable award of attorney's fees and costs.

## Sixth Cause of Action
**(Intentional Interference with Prospective Economic Advantage)**

45. Plaintiff(s) repeat and re-allege each and every of the allegations contained in Paragraphs 1 through 44 of the Complaint as though fully set forth herein and further allege the following.
46. Plaintiff has prospective customers, clients, business contacts, entities and otherwise in the State of Nevada and United States that Plaintiff would have the opportunity to engage with.
47. Plaintiff is and was likely to enter into contracts, agreements, sales, subscriptions, and/or otherwise with the general public, other partners, other customers, and other persons/or entities ("Future Contracts/Sales").

48. Defendant(s) were aware of these Future Contracts/Sales. In example, Defendant(s) went out of their way to unsolicited and uninvitedly speak to third-parties about Plaintiff.
49. Defendant(s) intended to harm Plaintiffs by preventing these Future Contracts/Sales from going forward.
50. Defendant(s) had no legal justification to get involved with these Future Contracts/Sales.
51. Plaintiff has suffered damages that were proximately, legally and actually caused by the conduct of Defendant(s).
52. Plaintiff(s) have been required to retain the services of an attorney to prosecute this action and are entitled to a reasonable award of attorney's fees and costs.

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For an award of general damages in excess of $75,000.00.
2. For an award of special damages in excess of $75,000.00.
3. For punitive damages.
4. For equitable relief;
5. For reasonable attorney's fees and costs of suit incurred; and
6. For such further relief as the Court may deem just and proper under the circumstances.

Dated this 6th day of January 2026

Schwab Law Firm PLLC

/s/ *Evan Schwab*
_____
Evan D. Schwab (NV Bar No. 10984)
7455 Arroyo Crossing Parkway, Suite 220
Las Vegas, NV 89113

*Attorneys for Plaintiff Kenneth "Kacy" Combs*

**Declaration of Kenneth "Kacy" Combs**

My name is KENNETH "KACY" COMBS  I make this declaration under penalty of perjury.  I have personal knowledge of the matters contained within this declaration and they are true and correct, except those matters not within my personal knowledge, and those matters I believe them to be true and correct.

1. I am over the age of eighteen (18) and competent to testify as to the matters contained therein.
2. I am a Plaintiff in my individual capacity as well as the owner with managing/speaking authority for Driven Talent Competition in the above captioned matter.
3. I have reviewed the Complaint in this matter and all the facts contained in the Complaint come from Plaintiffs based upon my personal knowledge. Where a fact is stated upon information and belief, I believe it to be true.
4. I authorize and direct the use of my electronic signature due and owing to Covid-19 considerations. I will be present in person or via communications equipment at the time of any hearing in this matter.

Executed under the laws of the State of Nevada this 6th of January 2026.

/s/ *Kenneth "Kacy" Combs*

_____
Kenneth "Kacy" Combs